FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
\*   FEBRUARY 12, 2024   \*
BROOKLYN OFFICE

JMH:SP
F. #2023R00373

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X

UNITED STATES OF AMERICA

- against -

ELAN ROUACH,

                Defendant.

------------------------------X

I N D I C T M E N T

Cr. No. 24-CR-64
(T. 18, U.S.C., §§ 982(a)(1), 982(a)(2), 982(b)(1), 1341, 1343, 1957(a), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p))

Judge Orelia E. Merchant
Magistrate Judge James R. Cho

THE GRAND JURY CHARGES:

### INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I. <u>The Defendant</u>

    1.    The defendant ELAN ROUACH was a resident of Staten Island, New York.

    2.    Zenucam Corp. ("Zenucam") was a domestic business corporation registered with the New York State Department of State and located in Staten Island, New York. The defendant ELAN ROAUCH owned and operated Zenucam, which held itself out as an online seller of electronic products.

    3.    Bank-1 and Bank-2, entities the identity of which are known to the Grand Jury, were financial institutions. Bank-1 and Bank-2 separately maintained one or more branches in Richmond County, New York. The defendant ELAN ROUACH owned and controlled one or more accounts at both Bank-1 and Bank-2.

II.     The Victim Shipping Company

4.      Shipping Company-1, an entity the identity of which is known to the Grand Jury, was a multinational courier corporation headquartered in the United States.

5.      Shipping Company-1 operated storefronts nationwide, including within the Eastern District in New York, from which customers could ship packages nationwide or internationally. Shipping Company-1 also allowed individuals or corporations to maintain online accounts to use Shipping Company-1 services, including but not limited to, creating shipping labels, tracking packages and scheduling pickups of packages. Shipping Company-1 was a "private or commercial interstate carrier" as defined by Title 18, United States Code, Section 1341.

6.      Financial Services Subsidiary-1, an entity the identity of which is known to the Grand Jury, was a subsidiary or division of Shipping Company-1 that offered insurance products and financial services headquartered in the United States.

7.      Insurance Product-1 was an insurance service Financial Services Subsidiary-1 offered for sale to customers to protect property shipped through Shipping Company-1's courier service against loss, damage and theft.

III.    The Fraudulent Scheme

8.      In or about and between October 2021 and March 2023, both dates being approximate and inclusive, the defendant ELAN ROUACH made materially false and fraudulent misrepresentations to Shipping Company-1, while purportedly purchasing insurance services on behalf of Zenucam. Specifically, ROUACH obtained for the purported protection of Zenucam against the risk of loss, damage or theft of shipped packages insurance policies from Shipping

Company-1, but intentionally manipulated the address labels so that the shipments would appear to have been lost allowing ROUACH to file false insurance claims.

9. For example, on or about February 2, 2023, the defendant ELAN ROUACH logged into his online account with Shipping Company-1 and printed outgoing address labels for multiple packages for Zenucam. The outgoing address labels each included a unique, scannable bar code corresponding to the package's destination address. ROUACH also purchased Insurance Product-1 for each of the ten packages.

10. The defendant ELAN ROUACH affixed the preprinted address label on a package and brought it to a storefront in Staten Island ("the Storefront"), the location of which is known to the Grand Jury. The Storefront was affiliated with Shipping Company-1 and offered multiple services, including but not limited to shipping. ROUACH presented the preprinted address label for scanning at the Storefront. Once scanned at the Storefront, the information for the parcel including the destination address was uploaded to Shipping Company-1's computer system.

11. After the preprinted address label was scanned, but before relinquishing the package to Shipping Company-1 for delivery, the defendant ELAN ROUACH affixed a second address label bearing a different address on top of the first preprinted address label that had just been scanned at the Storefront. The second label on the package bore a different address than that printed on the first preprinted label scanned into Shipping Company-1's network. Consequently, and as ROUACH then and there intended, the package could not be delivered to the address on the first preprinted label, the address that had been scanned into Shipping Company-1's systems. Shipping Company-1's records later reflected that this package never reached its intended destination.

4

12. The defendant ELAN ROUACH then filed an insurance claim through Insurance Product-1, falsely claiming that the above-described parcel had been lost, so that he could receive compensation from Financial Services Subsidiary-1.

13. Using this fraudulent technique—replacing the address information after the parcel had been scanned but before it had been tendered for delivery—the defendant ELAN ROUACH deposited for delivery at the Storefront more than 1,000 individual packages as to which ROUACH later filed fraudulent insurance claims through Insurance Product-1.

14. In each of the fraudulent claims, the defendant ELAN ROUACH directed Financial Services Subsidiary-1 to deposit the claim proceeds into bank accounts he owned and controlled at Bank-1 ("Account-1A") or Bank-2 ("Account-2").

15. As a result of this fraudulent scheme, the defendant ELAN ROUACH obtained at least $794,930.37 via fraudulent insurance claims the defendant filed on behalf of Zenucam.

16. The defendant ELAN ROUACH later wired fraudulent proceeds from Account-1A to a separate savings account he owned and controlled at Bank-1 ("Account-1B"), in excess of $10,000, on one or more occasions. For example, on or about February 3, 2023, ROUACH wired approximately $20,000 from Account-1A to Account-1B. On or about February 22, 2023, ROUACH wired approximately $14,000 from Account-1A to Account-1B.

17. The defendant ELAN ROUACH later withdrew fraudulent proceeds from Account-2 in United States currency, in excess of $10,000, on one or more occasions. For example, on or about February 8, 2023, ROUACH withdrew approximately $16,000 from Account-2, in cash.

## COUNT ONE
(Mail Fraud)

18. The allegations contained in paragraphs 1 through 17 are realleged and incorporated as if fully set forth in this paragraph.

19. In or about and between October 2021 and March 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ELAN ROUACH, together with others, did knowingly and intentionally devise a scheme and artifice to defraud Shipping Company-1 and Financial Services Subsidiary-1 and to obtain money and property from Shipping Company-1 and Financial Services Subsidiary-1 by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, did deposit to be sent and delivered by a private and commercial interstate carrier, to wit: Shipping Company-1, one or more matters or things, to wit: boxed packages.

(Title 18, United States Code, Sections 1341, 2 and 3551 et seq.)

## COUNT TWO
(Wire Fraud)

20. The allegations contained in paragraphs 1 through 17 are realleged and incorporated as if fully set forth in this paragraph.

21. In or about and between October 2021 and March 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ELAN ROUACH, together with others, did knowingly and intentionally devise a scheme and artifice to defraud Shipping Company-1 and Financial Services Subsidiary-1, and to obtain money and property from Shipping Company-1 and Financial Services Subsidiary-1 by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, did transmit and cause to be

transmitted by means of wire communication in interstate commerce, one or more writings, signs, signals, pictures and sounds, to wit: Insurance Product-1 insurance claims submitted via the internet to Financial Services Subsidiary-1.

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

## COUNTS THREE THROUGH FIVE
(Money Laundering)

22. The allegations contained in paragraphs 1 through 17 are realleged and incorporated as if fully set forth in this paragraph.

23. On or about the following dates, within the Eastern District and elsewhere, the defendant ELAN ROUACH, together with others, did knowingly and intentionally engage in one or more monetary transactions, in and affecting interstate commerce, in criminally derived property that was of a value greater than $10,000 and was derived from specified unlawful activity, to wit: the offenses charged in Counts One and Two, knowing that the property involved in such monetary transactions represented the proceeds of some form of unlawful activity:

| COUNT | APPROXIMATE DATE | MONETARY TRANSCTION |
|---|---|---|
| THREE | February 3, 2023 | Transfer of $20,000 of fraudulently obtained proceeds from Account-1A to Account-1B |
| FOUR | February 8, 2023 | Cash withdrawal of $16,000 of fraudulently obtained proceeds from Account-2 |
| FIVE | February 22, 2023 | Transfer of $14,000 of fraudulently obtained proceeds from Account-1A to Account-1B |

(Title 18, United States Code, Sections 1957(a), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS ONE AND TWO

24. The United States hereby gives notice to the defendant that, upon his conviction of either of the offenses charged in Counts One and Two, the government will seek

forfeiture in accordance with Title 18, United States Code, Section 982(a)(2), which requires any person convicted of such offenses, to forfeit any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

25. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2) and 982(b)(1); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS THREE THROUGH FIVE

26. The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts Three through Five, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offenses to forfeit any property, real or personal, involved in such offenses, or any property traceable to such property.

27. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

  (f)  cannot be located upon the exercise of due diligence;

  (g)  has been transferred or sold to, or deposited with, a third party;

  (h)  has been placed beyond the jurisdiction of the court;

  (i)  has been substantially diminished in value; or

  (j)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
By Carolyn Pokorny, Assistant U.S. Attorney
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2023R00373

FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

ELAN ROUACH,

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 982(a)(1), 982(a)(2), 982(b)(1), 1341, 1343, 1957(a), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p))

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* \_\_\_\_\_

_____

Clerk

Bail, $ _____

*Stephanie Pak, Assistant U.S. Attorney (718) 254-6064*